UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARLON L. CLEMONS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:05cv0435 AS |
| ) | |
| ED BUS, ) | |
| ) | |
| Respondent ) | |

*MEMORANDUM OPINION AND ORDER*

On or about July 20, 2005, *pro se* petitioner, Marlon L. Clemons, an inmate at the Maximum Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on November 9, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on December 2, 2005, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the MCF in this district. He was the subject of a prisoner disciplinary proceeding entitled cause number ISF 04-09-0103 and was found to have possession or use of an unauthorized substance controlled under the laws of the State of Indiana. The sanctions imposed by the CAB included a written reprimand which does not implicate a liberty interest in itself under *Sandin v. Conner*, 515 U.S. 472 (1995). However, there was a deprivation of 180 days of earned credit time, which

does implicate *Wolff v. McDonnell*, 418 U.S. 539 (1974). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride*, 81 F.3d 717 (7th Cir. 1996).

There is an attempt here to raise an equal protection claim under the Fourteenth Amendment of the Constitution of the United States. *See Loving v. Virginia*, 388 U.S. 1 (1967), as well as *Washington v. Davis*, 426 U.S. 229 (1976), and *Smith v. Town of Eaton*, 910 F.2d 1469 (7th Cir. 1990). In this court, *see Hack v. Oxford Health Care, Inc.*, 562 F.Supp. 295 (N.D. Ind. 1983). In order to wade into an equal protection claim wherein there was a comparison between CAB decisions involving different inmates, this court would have to know much more than has been provided to it by this petitioner.

The Attorney General has placed before this Court a series of documents designated A1 through G, both inclusive, which explicate in great detail the proceedings involved and have been carefully examined here. Generally this court should not gainsay the credibility determinations that have been made or that inhere in the decision of the CAB. This court has taken the trouble to examine *Patterson v. Couglin*, 905 F.2d 564 (2d Cir. 1990), and notes that it is a prisoner claim brought under 42 U.S.C. §1983. This case is brought under 28 U.S.C. §2254. There are significant differences. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973), and

2

*Allen v. Duckworth*, 6 F.3d 458 (7th Cir. 1993), *cert. den.*, 114 S.Ct. 1106 (1994).  In the same vein, this petitioner is citing what appear to be lower court decisions in the State of New York.  From what can be determined, neither of those was a habeas claim under 28 U.S.C. §2254.

When it is all said and done, the petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** December 7, 2005

_____**S/ ALLEN SHARP**_____
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**
